**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-CR-60101-CANNON/REINHART

**UNITED STATES OF AMERICA**

vs.

**JUAN GUILLERMO GONZALEZ,**

       **Defendant.**

_____/

**UNOPPOSED MOTION TO CORRECT CLERICAL ERROR**

COMES NOW the United States, by and through the undersigned Assistant United States Attorney, and files this Unopposed Motion to Correct Clerical Error, pursuant to Fed. R. Crim. P. 36.  On September 9, 2022, the Court sentenced defendant Juan Guillermo Gonzalez.  The undersigned appeared on behalf of the United States, and Peter Zeidenberg, Esq. appeared on behalf of the defendant.  As part of the sentence that the Court orally pronounced, the Court ordered Gonzalez to pay restitution, including partial payments during his term of imprisonment and while on supervised release (DE 36).  On September 14, 2022, the Court issued the Judgment (DE 37).  The Judgment contains two clerical/typographical errors:

On page 1, the incorrect counsel's name is listed as counsel for the defendant.

On page 3, which lists mandatory conditions of the defendant's supervised release, box number 4 ("You must make restitution . . .") is not checked.

Rule 36 provides: "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  In the Eleventh Circuit, "Rule 36 may not be used to make a substantive alteration to a criminal sentence."  *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) (quotations omitted).  "Indeed, Rule 36 is meant to correct errors that are 'minor and mechanical' in nature."  *United States v. Gomez*, 700 F. App'x 963, 965 (11th Cir. 2017) (quoting *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004)).  "[E]xamples of clerical errors include arithmetic

mistakes . . . misstated statute numbers . . . and discrepancies between a district court's oral and written judgments." *United States v. Rice*, 784 F. App'x 714, 717 (11th Cir. 2019).

Here, the proposed corrections are clerical in nature and are meant to correct a discrepancy between the Court's oral pronouncement of the sentence and the missing check mark on page 3.

The undersigned has conferred with Mr. Zeidenberg and Mr. Bertisch, and both concur in the granting of this motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court issue a corrected Judgment that reflects, on page 1, that Peter Zeidenberg appeared as counsel for the defendant, and, on page 3, adds a checkmark to item number 4, clarifying (in accordance with the Court's oral pronouncement of sentence) that the defendant is required to pay restitution while on supervised release.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

s/ *A. Marie Villafaña*
A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY
Florida Bar No. 0018255
500 South Australian Ave., Suite 400
West Palm Beach, FL 33401
Tel: (561) 820-8711/Fax: (561) 820-8777
ann.marie.villafana@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2022, a copy of this pleading was filed and served via CM/ECF upon counsel for the defendant.

s/ *A. Marie Villafaña*
A. MARIE VILLAFAÑA
Assistant United States Attorney